# Weichardt *et al. versus* Hook.

H. sold W. certain shares of stock and took notes for a part of the purchase-money with a pledge of a part of the same stock as collateral. Afterwards, trouble having arisen between the parties, it was agreed verbally that their respective counsel should settle the differences. The latter agreed that H. should return the notes and pay W. a certain sum of money, and that, simultaneously with such return and payment, W. should return the stock, so that the parties should be put *in statu quo*. Neither party took any step towards carrying out this agreement, not even by way of a tender of performance. H. then brought suit on the notes; an affidavit of defence set up the above facts: *Held*, that the agreement of counsel was not an award, because there had been no definite submission. *Held*, that as the conditions of this agreement were mutual and dependent neither party could set it up without at least a tender of performance, and therefore the affidavit of defence was insufficient.

February 2d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of July Term 1876, No. 45.

Assumpsit by Henry W. Hook against W. F. Weichardt, J. L. Luckenbach and A. S. Pendleton, on twenty-three promissory notes.

Hook sold the defendants certain shares of the Hook Smelting Company, and received in part payment for them the notes in ques-

tion, with a part of the shares as collateral security. The notes contained a provision for the sale of the collateral in case they were not paid at maturity. The agreement under which these notes were given provided, that upon default in the payment of any one note all the notes should be considered as due and payable. . The note maturing first was not paid at maturity, and the plaintiff thereupon sold the collateral and brought this action to recover the amount remaining unpaid. An affidavit and a supplemental affidavit of defence were filed, which set up the following facts : That differences had arisen between the parties, which were referred to E. Hunn Hanson and Edward R. Worrell, counsel for the respective parties, "with full power and authority to settle and adjust such differences and to enter into any agreement" in behalf of the parties ; and that " after numerous consultations" those gentlemen agreed upon the following settlement: That the business affairs of the Hook Smelting Company should be examined on behalf of Hook, and if it appeared that the business had been properly conducted and that the company was solvent, &c., then Hook should cancel and deliver up the notes which he held, and pay the defendants $20,000, which was the amount of cash originally paid by the.defendants to Hook, and simultaneously with such payment and delivery the defendants should transfer back to Hook the shares of stock they had bought from him. It was further averred that this " agreement was not intended to be a technical award, but an agreement to remit the parties to their position" at the time of the sale of the stock, if the affairs of the company should be found to have been managed in substantial compliance with law.

There was no averment of a formal submission or award, or that the referees had been sworn, or had taken any testimony, or of any agreement having been. made between the parties, excepting the one made by their counsel, as above, nor was there an averment that this settlement of counsel, whether it was an award or an accord, had been carried out or performed in any respect by either party, or that either party had tendered a performance of it to the other.

The court below was of the opinion that the agreement between the parties was an award, but that the affidavit was insufficient, because it did not aver performance of the award, and entered judgment for the plaintiff for want of a sufficient affidavit of defence, to which the defendants took this writ of error.

*Edward R. Worrell*, for the plaintiffs in error.

*Nathan H. Sharpless*, for the defendant in error.

Mr. Justice GORDON delivered the opinion of the court, March 5th 1877.

The defendants below, plaintiffs in error, complain that an error was committed by the Court of Common Pleas, in entering judgment against them for want of a sufficient affidavit of defence.

[Weichardt *v.* Hook.]

Whether such complaint be well or ill founded depends upon the character of the facts set forth in the affidavit.   If a case is thereby made out which ought to have been submitted to a jury, or which, upon demurrer, would have warranted a judgment for the defendants, then the decision of the court was wrong; but if such a case be not made out, the complaint is without merit.   The notes in suit were given by the defendants to the plaintiff in part consideration for the transfer of thirteen hundred shares of the stock of the Hook Smelting Company, as set forth in the agreement of the parties, dated January 1st 1875.   The affidavit alleges nothing involving the bona fides of these notes, but sets up, by way of estoppel or defence, an agreement made for the parties by Messrs. Hanson and Worrell, their attorneys, who, it is said, had full power and authority to make such agreement and to adjust and settle their disputes and differences.   The agreement thus referred to, provided that the papers, books, business and affairs of the Hook Smelting Company should be examined by the plaintiff, and if he should find that the business of the company had been conducted according to law, and that its stock and assets corresponded truly with the showing of the books, and that the company was solvent, the plaintiff, in such case, was to cancel the notes and to refund the money paid; on the other hand, the defendants were, simultaneously with such delivery and payment, to transfer to Hook the thirteen hundred shares of capital stock mentioned in the agreement of January 1st 1875, discharged of all claims of them, the said defendants, and of any and all other persons on their account.

As a defence, this showing is open to several objections.   The paper set forth can be operative only as an agreement; for, as an award, it is defective for want of a definite submission; but, as an agreement, its execution nowhere appears, either by the signatures, assent or acts of the parties.   As, therefore, what is not stated in an affidavit of defence is to be presumed not to exist (Lord *v.* Ocean Bank, 8 Harris 384), we must set it down as a fact that neither the plaintiff nor defendants ever took a single step in the direction of its execution, and that it is, therefore, void for want of ratification. Passing this, the conditions therein contained are mutual and dependent, and it thence follows that neither party can set it up without at least a tender of performance.   This contract, in itself, neither satisfied the notes nor transferred the stock.   Either of these things could result only from a performance of its conditions, and without this it was inoperative.   As the plaintiff had no right in or to the stock until he tendered payment of the money and cancellation of the notes, so the defendants had no right to such money or cancellation until they tendered a transfer of the stock.   Hence it would be manifest injustice for a court to treat the notes in suit as cancelled, and thus give the defendants the advantage of a contract with which they have never complied.

The judgment is affirmed.